Brianna K. Pierce (CA Bar No. 336906)
**DYNAMIS LLP**
100 Bayview Circle
Newport Beach, CA 92660
Tel: (617) 802-9157
Email: bpierce@dynamisllp.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| HECTOR RODRIGUEZ, SETH ABNER, and HECZ, LLC,<br><br>Plaintiffs,<br>v.<br><br>ACTIVISION BLIZZARD, INC.,<br><br>Defendant. | CASE NO. 2:24-CV-01287-PA-MAA<br><br>**ORDER GRANTING STIPULATION TO ARBITRATE AND TO DISMISS THIS ACTION.** |

On March 1, 2024, the Parties filed a stipulation to stay this action [ECF No. 10]. Defendant asserts that Plaintiffs' claims are subject to binding arbitration before the International Court of Arbitration. Plaintiffs dispute that their claims are subject to arbitration but have agreed, to spare the expense of costly and lengthy litigation on jurisdictional issues of formation, enforceability, validity, and/or arbitrability as to the relevant arbitration provisions, to submit those jurisdictional issues for determination by the Arbitral Tribunals in the Rodriguez Arbitration (with respect to the claims asserted by Hector Rodriguez and HECZ, LLC) and the Abner Arbitration (with respect to the claims asserted by Seth Abner).

The Court, having considered the Parties' Stipulation and finding good cause therefor, hereby GRANTS the Stipulation and ORDERS as follows:

1.  Counsel for Defendant is deemed to have accepted service of the Complaint on behalf of Defendant. The service is deemed effective upon entry of this Order. Defendant has reserved all rights, defenses, or other objections other than insufficient process or insufficient service of process.

2.  The Arbitral Tribunals shall decide by final and binding arbitration all questions of formation, enforceability, and validity of the relevant arbitration provisions and all questions concerning the arbitrability of Plaintiffs' claims in this action.

3.  Plaintiffs have expressly reserved all rights, defenses, objections, and arguments as to the questions of formation, enforceability, and/or validity of the relevant arbitration provisions and/or the questions arbitrability of Plaintiffs' claims and—without any prejudice to or waiver of those rights, defenses, objections, and arguments—agreed to delegate those issues for final and binding decision by the Arbitral Tribunals. Defendant expressly reserved all rights, claims, and remedies in connection with its contention that Plaintiffs filed this action in breach of the arbitration and confidentiality provisions of the relevant agreements.

4.  Because Plaintiffs' claims are subject to arbitration, this action is dismissed. See Brennan v. Opus Bank, 796 F.3d 1125, 1134 (9th Cir. 2015) (affirming district court's order dismissing action in favor of arbitration); Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc., 368 F.3d 1053, 1060 (9th Cir. 2004) (stating that district court did not err in dismissing claims subject to arbitration and noting that FAA allows but does not require a stay of court proceedings); Sparling v. Hoffman Constr. Co., 864 F.2d 635, 638 (9th Cir. 1988) (affirming trial court's dismissal of claims referred to arbitration); Martin Marietta Aluminum, Inc. v. Gen. Elec. Co., 586 F.2d 143, 147 (9th Cir. 1978).

**IT IS SO ORDERED**.

Dated: March 11, 2024

_____
PERCY ANDERSON
UNITED STATES DISTRICT JUDGE